UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Anne P. Williams,

              Debtor

Chapter 7
Case No. 17-10327

### ORDER (I) DENYING MOTION FOR RELIEF FROM STAY AND (II) SETTING PRETRIAL CONFERENCE ON OBJECTION TO CLAIM

      The debtor, the chapter 7 trustee, and Eastern Maine Health Care Systems o/b/o C.A. Dean Memorial Hospital (the "Hospital") are engaged in several disputes in this case. The trustee and the Hospital each challenge the debtor's entitlement to her claim of exemption in certain proceeds from the sale of her residence, some of which are currently being held in escrow. [Dkt. Nos. 13 & 15.] The Hospital seeks dismissal of this case. [Dkt. No. 14.] The debtor objects to the Hospital's proof of claim, which asserts a claim of $108,821 allegedly secured by the funds that are currently being held in escrow. [Dkt. No. 45.] And, the Hospital seeks relief from the automatic stay to proceed with a state court action to determine the enforceability of its claim against the debtor. [Dkt. No. 51.]

      Although the deadline for objections to the Hospital's stay relief motion has not yet expired, *see* id., the Court has considered the motion in the context of this case. The Hospital's motion for relief from stay is hereby denied without prejudice. In the circumstances of this case, there is no cause for relief from stay. The Hospital has filed a proof of claim in this case, thereby submitting itself to the jurisdiction of this Court with respect to the allowance of the claim. *See* Langenkamp v. Culp, 498 U.S. 42, 45 (1990). Though the parties' dispute over the Hospital's claim raises issues under Maine state law, the Court is not limited to determinations of federal

bankruptcy law in ruling on an objection to a proof of claim.  The dispute over the allowance of the Hospital's claim in this chapter 7 case overlaps significantly with the dispute over the enforceability of the Hospital's claim against the debtor under nonbankruptcy law.  *See* 11 U.S.C. § 502(b)(1).

The Court has held several hearings on the objections to the debtor's claim of exemption and on the motion to dismiss.  During those hearings, the Hospital has urged the Court to rule on its objection to exemption before deciding its motion to dismiss.  *See* [Dkt. No. 35].  The trustee and the Hospital have both suggested that the dispute regarding the enforceability of the Hospital's claim should be determined before any ruling on the objections to the debtor's claim of exemption.  *See* [Dkt. No. 39]; *see also* [Dkt. No. 31].

At a hearing on November 9, 2017, the Court indicated that it would issue an order setting a further hearing on the debtor's objection to the Hospital's proof of claim.  [Dkt. No. 56.]  That objection to proof of claim is hereby set for an initial pretrial conference on December 14, 2017, at 2:00 p.m.  At that conference, the parties must be prepared to discuss the contents of a pretrial scheduling order with respect to the debtor's objection to the Hospital's proof of claim.  *See* Fed. R. Bankr. P. 7016; Fed. R. Civ. P. 16(b).  The parties must also be prepared to discuss the mechanics of incorporating the scheduling order issued in the state court litigation between the Hospital and the debtor into this contested matter.  The debtor and the Hospital will be limited, in the trial on this contested matter, to the same claims and defenses that they raised in the state court action in which the Hospital sought to enforce its claim against the debtor.

The Hospital and the debtor are directed to confer, in good faith and prior to December 14, 2017, regarding the contents of a scheduling order for the contested matter.   The trustee may

- 3 -

participate, but is not required to participate, in the contested matter (including the discussions relative to a scheduling order prior to the pretrial conference).

Dated: November 17, 2017

                                          Michael A. Fagone
                                          United States Bankruptcy Judge
                                          District of Maine